had inflated and fabricated time entries, explaining that she was afraid she would lose her job if she failed to meet the billable hours target. The firm gave Cook the opportunity to resign, which she accepted. With one exception, all client invoices containing the fabricated time were corrected before they were issued to clients.

In this matter, Cook violated Colo. RPC 4.1(a) (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person) and Colo. RPC 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The sole aggravating factor in this case was outweighed by multiple mitigating factors. The Wyoming Supreme Court approved an order of reciprocal discipline which found that Cook's conduct violated Rules 4.1(a) and 8.4(c) of the Wyoming Rules of Professional Conduct, which are identical to the Colorado rules. Cook was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that:

1.    The Court issue an Order of Reciprocal Discipline suspending Respondent for a period of nine months commencing August 10, 2017, the effective date of Respondent's suspension in Colorado; and further

2.    Order Respondent to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

DATED this ____11____ day of October, 2017.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

4

2017 WY 125

**Johnn Thomas WOYAK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

S-17-0060

Supreme Court of Wyoming.

October 25, 2017

ORDER AFFIRMING THE DISTRICT COURT'S

"ORDER REVOKING PROBATION AND IMPOSING UNDERLYING SENTENCE"

[¶1] This matter came before the Court upon its own motion following the filing of Appellant's *pro se* brief. Appellant filed this appeal to challenge the district court's December 9, 2016, "Order Revoking Probation and Imposing Underlying Sentence." In that order, the district court revoked Appellant's probation following Appellant's admission to eight probation violations. The district court imposed an 8 to 12 year sentence on the underlying charge of second degree sexual assault. Wyo.Stat.Ann. § 6-2-303(a)(v) (LexisNexis 2005).

[¶2] On April 14, 2017, Appellant's court-appointed appellate counsel e-filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). This Court subsequently entered an order that permitted Appellant to "file with this Court a *pro se* brief specifying the issues he would like this Court to consider in this appeal." Appellant filed a *pro se* brief on October 5, 2017.

[¶3] Now, following a careful review of the record, the *"Anders* brief" submitted by appellate counsel, and the *pro se* brief filed by Appellant, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's December 9, 2016, "Order Revoking Probation and Imposing Underlying Sentence" should be affirmed.

[¶4] With respect to the claims of ineffective assistance of counsel made in the *pro se* brief, this Court concludes those claims cannot be sustained on the record extant. The record does not include evidence to establish what Appellant's girlfriend may have stated at the dispositional hearing. Also, even if this Court were to consider the letter from VOA Sheridan, the letter indicates only that Appellant had been placed on a waiting list for that treatment facility. At the dispositional hearing, Appellant's trial counsel recommended that Appellant be placed in residential treatment at Southwest Counseling and that a bed date had been secured. Appellant does not establish how trial counsel was ineffective in requesting Appellant be placed at a facility for which he had a bed date. It seems obvious that a bed date at a facility is superior to being on a waiting list. Finally, Appellant has not established how trial counsel was ineffective in failing to pursue mental health issues, especially considering Appellant stated he did not suffer from any mental disease or defect that impacted his ability to understand the proceedings. It is, therefore,

[¶5] **ORDERED** that Appellant's *pro se* "Motion in considering information of non evidence/ record documents of communications between p[e]titioner and all other people involved in case said docket 29-824," filed herein October 5, 2017, be, and hereby is, denied; and it is further

[¶6] **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant, Johnn Thomas Woyak, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶7] **ORDERED** that the district court's December 9, 2016, "Order Revoking Probation and Imposing Underlying Sentence" be, and the same hereby is, affirmed.

[¶8] **DATED** this 25th day of October, 2017.
BY THE COURT:
/s/ E. JAMES BURKE
**Chief Justice**